Rivas v Restaurant Assoc., Inc. (2024 NY Slip Op 00394)

Rivas v Restaurant Assoc., Inc.

2024 NY Slip Op 00394

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Index No. 151379/18 Appeal No. 1554 Case No. 2023-03362 

[*1]Oswaldo Rivas, Plaintiff-Appellant,
v
Restaurant Associates, Inc., et al., Defendants-Respondents.

Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for appellant.
Littler Mendelson P.C., New York (Shawn M. Clark of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered January 10, 2023, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was employed as a chef by defendant Restaurant Associates' catering division from August 2012 until he was terminated in June 2017, at which time he was 42 years old. This lawsuit involves an interaction on a Friday between plaintiff and defendant McLaughlin's two college-aged daughters who were interning for the company in the summer of 2017. After plaintiff sent a text message to one of McLaughlin's daughters over the weekend, a meeting was held on Monday with plaintiff, defendant McLaughlin, and plaintiff's other supervisors, during which McLaughlin used the words "child molester," "pervert," and "pedophile" in reference to plaintiff. Plaintiff was then fired and commenced this action for defamation.
Plaintiff's defamation claim was properly dismissed on the ground that the allegedly defamatory statements constitute nonactionable statements of opinion (see generally Davis v Boeheim, 24 NY3d 262, 269-270 [2014]). The word "pervert" does not have a precise meaning capable of being proven true or false and is subjective in nature (see Rapaport v Barstool Sports, Inc., 2021 WL 1178240, *13, 2021 US Dist LEXIS 59797, *33 [SD NY Mar. 29, 2021]; see also generally Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]). While this is not true of the words "pedophile" and "child molester," it was clear from the context — as even plaintiff admitted — that defendant McLaughlin's use of these terms was hyperbolic and that he was reacting in anger to plaintiff's perceived improper conduct toward his daughters (see Gross v New York Times Co., 82 NY2d 146, 155 [1993]; Rapaport, 2021 WL 1178240, *15, 2021 US Dist LEXIS 59797, *35-37; Torain v Liu, 2007 WL 2331073, *1-3, 2007 US Dist LEXIS 60065, *1-3, *6-8 [SD NY Aug. 16, 2007]). There is no basis to find that the statements were mixed fact and opinion, as the underlying facts appear to have been disclosed to the people at the meeting.
In view of our disposition of this issue, we need not reach the parties' arguments regarding the applicability of the qualified common interest privilege.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024